Case number 19-6308, Debra Brusch v. United States of America, et al., for a largeness not to exceed 15 minutes per side. Ms. Rowland for the appellant. Yes, and I've asked for three minutes of rebuttal time. Very well. Thank you. Honorable judges, we are before this court today about a case on a case about a man who proudly served his country in the Marine Corps during the Vietnam War, who enlisted and was not drafted, and during that service was exposed to chemicals, including but not limited to Agent Orange and the contaminated water at Camp Lejeune that would cause him pain and suffering at the end of his life. He turned to the VA for treatment and help. It is also about a wife, the appellant, Debra Brusch, who took care of her husband, was at every visit in the room with him at the VA, advocating and fighting against the passing, and how the policies of those caring for her husband caused him to suffer until his death from the ailments on the chart that Mrs. Brusch herself created and was included in the response brief. Mrs. Brusch filed her, excuse me, filed a claim with the Veterans Administration to address the mishandling of his care, which the Veterans Administration neither dismissed nor denied. In fact, they never responded to it, period. At that point, she filed her lawsuit under the Federal Tort Claims Act. Her case was dismissed because the court applied Tennessee Code Annotated Section 2926.122, requiring procedurally that a good-faith certificate be filed with a wrongful death and medical malpractice complaint. I would not allow her to mend her complaint to include a certificate nor agree that the law should not apply to federal cases involving the, excuse me, the Veterans Administration. It is a substantive issue in Tennessee and under Tennessee Code Annotated Section 2926.122. If the certificate is not filed with the complaint, then the suit must be dismissed with prejudice. We are arguing that this requirement should not apply in federal cases involving the VA. Because the requirements before filing a complaint for medical malpractice or wrongful death under the Federal Tort Claims Act make this requirement unnecessary and moot. The law in Tennessee is to prevent baseless and frivolous suits being brought and wasting the valuable time of the courts and the parties. Here, the VA had a description of the complaint, all of the decedent's medical records from 2008 until his death provided by the appellant, and ample time to review those records. In fact, it was over a year between the time that the claim was filed with the Veterans Administration and the time in which the lawsuit was filed, which was pursuant to the time limits under the Federal Tort Claims Act. They did not deny the claim before the lawsuit was ever filed. In the case before this honorable court, they did not respond in the time allotted under the law and the suit was filed. Because ample time was given to review and declare the claim as frivolous, Tennessee Code Annotated requiring a good-faith certificate stating that a doctor has reviewed the medical records and that there is a basis for the claim should not have been applied. We are also arguing that Tennessee law should not have barred this complaint from being brought because it is also about the policies of the VA and the treatment of its patients. Policies that doctors must follow, such as only being allowed 15 minutes per patient, regardless of whether more time is needed, but that are not in the best interest of those patients. Therefore, it was more than just a wrongful death due to medical malpractice and a good-faith certificate would not have shown that. It is a complaint against the policies of the Veterans Administration themselves and therefore the Tennessee statute should not have been applied. Finally, your honors. The FTCA is pretty clear that we're supposed to look to state law for really all aspects of a claim that's brought before us. The FTCA creates federal jurisdiction but doesn't it does some other things but with this to the core merits of a case or claim we look to state law. Yes, your honor. It goes to the merits of the case but as in Gallivan versus United States, I believe it was this honorable court that found that federal law should apply to federal procedures and so this is a procedural issue in Tennessee to file the good-faith certificate. The Federal Tort Claims Act did not have any such requirement at the time that the complaint was filed. In your view, is this case before us on federal question jurisdiction or on diversity jurisdiction? I believe it would be on federal question jurisdiction, your honor. Yeah, I agree with you. Did Gallivan treat that case as before and under federal question jurisdiction or under diversity? I'm uncertain, your honor, at this at this moment. Okay, so if it's a federal question jurisdiction then I think we apply federal law. We apply federal procedural law and federal substantive law and then the FTCA would say the federal substantive law is actually, we then turn to state substantive law so we'd go to Tennessee law. So that and that's and if that if that scenario is right then I don't know that we would sort of look to federal procedural rules and to see if they're in conflict with state procedural rule or said differently if a federal procedural rule sort of answers the question then we don't need to look to state law. I would just think we'd look to state law and state law is what seems to be a pretty substantive requirement that it creates part of the cause of action. You have to have someone medically validate the claim essentially. Yes, like I said we you know we're arguing too that because the VA had so long they could have had experts review the medical records they could have denied the claim that really the Tennessee good faith requirement is unnecessary and I believe in Gallivan. Are you arguing that that I'm sorry counsel are you arguing that under as a matter of state law it was not necessary to have a good faith certificate here because of the circumstances of your case? I believe your honor to be under both federal and state law. I believe you know applying the federal law the Federal Tort Claims Act applies Tennessee state law to the merits of the case. It does not specifically set forth that it applies the procedural rules and laws of the state to the federal. Yeah but what I'm getting at is the particular statute this Tennessee statute is there are you making an argument that under the statute itself that you did not have to file a certificate of good faith because of the conduct of the VA in this instance? Yes your honor in some way it is it is under the Tennessee law also it's just as I said you know the Tennessee law is there to keep out baseless and meritless claims to show that. Are you aware of any case under Tennessee law that has interpreted this statute to allow an exception or where you don't have to file a certificate of good faith? Your honor the only exceptions that I know of under cases with the Tennessee law is where the records have been requested and the plaintiff could not get the records in time from a medical professional and it shows extreme circumstances you are given an exception for that so that the plaintiff can go ahead and file the complaint and then file the good faith certificate later but other but that was not the case here was it? No your honor we're just saying it. Is there anything in the record as to why the certificate of good faith was not filed in this case? Your honor that was it was just inadvertently left off at my I did not have that did not have it filed with the with the complaint. Let me ask you this did you actually have a certificate that you just failed to file? Was there a doctor who said this is malpractice? Did you actually have that at the time of filing? We did not have the actual certificate there had been several doctors at the time of Mr. Brush's death that had said that they felt that there was wrong there had been negligence and would be willing to testify to such but at the time no your honor we did not have that that good faith certificate. Why if it's a you didn't argue in the lower court that this was a procedural rule that didn't wouldn't apply I mean that wasn't your argument you wanted to leave of the district court to amend your complaint so you could file it right the certificate wasn't that your argument? Yes your honor it was that and that it should not have applied because they had had the records and that there really was no reason to have the good faith certificate. Okay well let me do this and you don't in the burden your burden right now to show that there was plain error I mean aren't we under plain error review since you're you're this idea that the state statute is just procedural and therefore not binding on the federal court you've got you know you don't you have to show that there's plain error involved in the district courts decision? Yes your honor and so I mean I believe that our argument saying that the because they had had the records it goes to the procedural issue of the federal the federal issue also that it's that it even though we specifically did not say that it was a procedural not a based on the merits that again it's going to that the FTCA did not ask for a certificate of good faith that we followed what was required under the FTCA. Well you know I'm let me ask you this then there at the time the district court rendered its decision there were three Sixth Circuit cases all of which held that the Tennessee statute was substantive published but you're aware of that right? Yes your honor. Didn't like the district court just arbitrarily didn't look at what the law would be or at least what the district court thought the law was. In light of that and there was no Sixth Circuit case at the time the district court rendered a decision holding that oh that state statute is only procedural how is it plain error on the district courts part of the decision it made? Again your honor like I said I believe it goes to that they're the reason for the Tennessee good-faith requirement is you know to give all the parties the opportunity to say that yes there is a there's a reason for this case here the VA had all that information in fact they had multiple years they had over a year to review those records and to determine with experts of their own whether or not and had they dismissed it as frivolous at that time I could see that a good faith on our part may have been necessary but at the time you know it because they had already had all the records they never responded that you know it's we feel that that that requirement should not have been applied in this case. So your thought is that the silence on the VA is sort of an admission of that sort of your theory? I don't know about an admission your honor but at least that there is something there and that you know that there was some type of argument to be made there there was something that could have been brought forth before the court to be you know flushed out more in discovery and in the court proceedings. In your rule your rule is a VA only rule in other words if there was a claim against HHS for some kind of malpractice because it doesn't have the same pre reviewer requirements of the VA does that Tennessee law would apply there but it doesn't apply in the special context of the VA and it's pre filing review procedures? Yes your honor at this point yes because it's you know we are dealing with the VA there is such a massive amount of information that they're given they do have ample time to review the claim have experts review it the other cases you know not being familiar with them and they would have to be reviewed on a case-by-case basis but as I said the the main thing with Tennessee is that you're wanting to prevent somebody just coming in and saying oh I've had a you know a medical malpractice lawsuit but I don't have any medical records I don't have any kind of proof so we're gonna take you to court and then you find out that it's not that there's that it's baseless. Okay well thank you Ms. Rollin. Mr. Atiyah. Thank You Judge Bush your honors to answer this court's question directly in an FTCA case brought in Tennessee federal courts section 122 is a mandatory and substantive requirement notwithstanding the Honorable Court's recent opinion in Gallivan. There are at least three reasons why. Prior to going into those three reasons the government does reiterate its position that Sinning Smith and Barnwell provide helpful instruction on the present standing of this case and that is when the appellant fails to raise the applicability of section 122 in an FTCA case it constitutes waiver that deprives the appellant of relief on that issue. Appellant didn't raise Gallivan at the in her briefing to this court even after the United States raised it an appellant made a reply and so Barnwell says fairly explicitly that the court should find waiver in those Gallivan had been decided. That's an unpublished case isn't it? Yes your honor it is. That's a state of Barnswell versus Grigsby is that the case you're referring to? Yes sir yes your honor I can give you this it's a state of Barnwell v Grigsby 801 F Appendix 354 it's at page 361 note 4. Your honors returning to the three reasons that I mentioned Judge Raebler touched on this in his questions the FTCA contains jurisdiction within itself it's a specific waiver of the United States sovereign immunity and exposure of the government to the jurisdiction of the courts. The two important portions of the FTCA for the purposes of this discussion are that one the law of the place applies and that's been interpreted by the Supreme Court to mean state substantive law and two juristic sovereign immunity is only waived and jurisdictions only granted to the extent the United States would be liable as a private person. Here section 122 has been interpreted as a substantive state law as a mandatory directive that has a an effect of dismissing a case with prejudice. If section 122 is not complied with a private person can't be liable and therefore under the FTCA the United States has no jurisdiction to hear a case over the United States when section 122 isn't complied with. How do we know that Tennessee Supreme Court interprets section 122 is substantive? Maybe it's procedural. There's a reference there's a case called Elethorpe v Weismart from 2015 where the word procedural is used by the Tennessee Supreme Court. Yes Judge Gilman I think Elethorpe is distinguishable and there are also other indicators that the Tennessee Supreme Court and other courts view section 122 is substantive. Elethorpe didn't ask the question what is is there a procedural substantive tension for lack of a better term Elethorpe used the word procedural more colloquially but the Tennessee Supreme Court when it did analyze is this statute required? What's its effect? It said substantial compliance isn't enough. It has to be strictly complied with. It is a mandatory requirement and failure to comply with the precise letters of the statute requires dismissal with prejudice. I understand that. I mean it could but it could be mandatory and procedural as a mandatory procedure as opposed to a mandatory substantive requirement. I mean fact mandatory doesn't automatically mean it's substantive does it? No your honor mandatory in itself I don't think we can substitute substantive for the word mandatory but the other indicators that are helpful are the effect of the statute which again is dismissal with prejudice. It removes all liability and returning to the FTCA if the waiver is only to the extent that the United States is liable only to the extent of a private person that seems to specifically or that seems a direct enough incorporation that if a statute dismisses a case with prejudice the FTCA says the United States can't be liable there can't be jurisdiction. The other indication of some that the statute is substantive is if you look at Gallivan that was an Ohio procedural rule adopted into the Ohio rules of procedure by the Ohio Supreme Court. This is a law passed by the Tennessee legislature for the specific purpose of outlining a burden that must be met in order to sustain a claim for medical malpractice. I think the effect of the statute the legislature's intent speak to the substantive nature of the law. There's also although unpublished and not binding on this court there are also Tennessee District Court decisions directly characterizing the statute as substantive in the FTCA context. Right of course those are all decided prior to Gallivan. Yes your honor they were. I mean you know you make an interesting point that Ohio is part of that Gallivan was based on the Ohio rules of civil procedure as opposed to the Tennessee statute but the effect is identical and then I mean the same there was the same requirement of filing a good-faith certificate with a medical malpractice action. So I mean aside from the technicalities is it you think we you know one panel clearly cannot overrule the decision of another panel if it's on point. So I mean you think we can distinguish Gallivan or are we bound by whether or not. No the courts absolutely not bound by Gallivan in this context and the reason for that the the the fact that the Tennessee law was passed by the legislature as opposed to an Ohio procedural rule is an indicator but there are other aspects that distinguish the Tennessee law from the rule of procedure analyzed in Gallivan and if we look to the text of Gallivan this recognize yes substantive law must be applied and yes there may be other situations other state laws that are similar the court seemed to forecast that this conflict could arise that may be distinguishable here or distinguishable from the Ohio procedural rule and it referenced the Seventh Circuit's decision in Han where which was followed up by young but in that case the Seventh Circuit said yeah rules like this that aren't part of a procedural rule that have a prejudicial effect these can be considered substantive and have to be applied in FTC a cases so I think that there's in there a West Virginia District Court cases applied Gallivan to the Tennessee statute section 122 and said it's procedural yes your honor and respectfully we have to disagree with that case entirely for one reason is that it references Elethorpe for the finding the the the court your honor recently met the case your honor recently mentioned it references Elethorpe for the finding that Tennessee law is procedural but again I don't think we don't think Elethorpe is specifically instructive on that issue when you have other Tennessee Supreme Court cases that look more directly at the effect and the substance of the law secondly the West Virginia case went directly to the question is there a conflict here between section 122 and federal procedural law and it wholeheartedly adopted Gallivan but the West Virginia District Court didn't seem to acknowledge that that looking directly at the conflict skips over the step of asking what is the FTC a require the courts to do the FTC is as a jurisdictional mandate requires that the courts adopt substantive law or else there can be no jurisdiction by adopting Gallivan didn't have to do that Gallivan was confronted with a law that was procedural in the rules of procedure it didn't have to ask what if what if we're looking at a law that's substantive under the FTC a what do we do then and so by adopting Gallivan there's another way to say this I'm aren't the starting points different Gallivan treated this is a as a as a diversity or use a diversity analysis right and would you agree we're here on federal question jurisdiction your honor if by federal questioned or jurisdiction the Honorable Court means the jurisdiction granted under the FTC a yes it's entirely different it's a different animal than diversity jurisdiction right so that I mean the test is just different right and the Gallivan applied the diversity test which is you look to see if there's a federal procedural rule on place on on point and if so then it then that controls over any state procedural rule but in a federal question jurisdiction context we apply federal law which here says to apply state law we still get sort of back to the same point which is judge Gilman is asking a lot of questions about when in fact how does Tennessee view this is it viewed as substantive or procedural but we don't do the direct conflict with a federal rule analysis correct we just go look more to the heart of state law and see how state law has defined this right your trailer I couldn't agree more that's exactly right according to the respectfully your honor that's exactly what the government understands and the West Virginia case I assume it just followed the Gallivan approach and analyze the issue under a diversity framework that's exactly right your honor under a diversity framework that was adopted by Gallivan so diversity through Gallivan's reasoning which by its nature is a is a the adoption of Shady Grove another point I'd like to make is that the certificate analyzed in Gallivan going again to this procedural question is expressly incorporated into the complaint it becomes a part of the same legal operator that's not again that's not the case with the Tennessee statute the Tennessee law explicitly says this isn't part of the complaint the complaints allegations remain what they are regardless of section 122 but the burden for bringing a medical malpractice action is different that may be parsing parsing things a little close but in this case it's necessary because if it's not part of the complaint the complaints technically still stands on its own and the certificate of good faith is a different legal operator and a third point that I'd like to make is even if there were a procedural aspect of this rule the substance of the rule the Seventh Circuit explained in young that the substance still has to be honored according to the FTCA and here that can be done if a court were to say yes the complaint survives on its own for violation of section 122 but the lawsuit must still be dismissed with prejudice at summary judgment because the substance of the law was not complied with you know I'm wondering I've had just a thought could this section 122 have both procedural and substantive aspects I mean it's procedural in the sense that it has to be attached to the complaint I mean it was a good faith certificate on the other hand you're arguing yeah but it has substantive components because it's sort of an element of the claim is it possible that it could be both or does it have to be one or the other procedural or substance well your honor to answer that I I think it may be that the certificate of good faith has to be filed with the complaint not necessarily attached to but to answer your question more directly the Seventh Circuit said it's possible for these laws to have procedural and substantive elements and and I'm not one to correct that court in this case the there are certainly ways to read the law that says yeah there are parts of this that go to the procedure that go to steps that must be taken as a as a from a procedural viewpoint to bring a lawsuit but the dismissal with prejudice aspect of it the the fact that it eliminates entirely the liability that's substantive so yes your honor to answer your question it can have procedural and substantive elements the last point I'd like to make in my final minute is the the appellant mentioned this isn't required because the VA could have disposed of this case after it was the FTC a that isn't implicated here a litigant has to notify the agency of an intent to sue the agency has no obligation to respond and that's why the FTC a has a triggering mechanism that after six months if the agency hasn't responded it's permission to sue the government what the appellant asks for I believe is for the VA to have said we're not going to respond to your lawsuit that you haven't brought that there's no way the VA could have affected the ultimate bringing or not bringing of a lawsuit at an administrative level your honors thank you very much I believe my time is expired thank you counsel the rebuttal can't hear you your audio is yeah sorry thank you I apologize about that as a human pointed I think part of the issue here is that it is the rule is both procedural and substantive and there is a conflict there that needs to be resolved also we feel that the VA could if not stop a lawsuit before it is filed because they have reviewed the records you already have a large chunk of discovery that been done which is part of the reason to prevent frivolous lawsuits from being brought into court to save parties time and money and of course to say the courts valuable time I think at that point had if the VA came back and said at this point we feel that this is frivolous we don't see a basis for it we're denying the claim we're not responding to the claim then maybe you do need to go out and find a doctor that will you go take the records to a doctor find out is there something here to proceed on with it again it's I feel that this is a procedural rule more than a substantive rule because it is saying that if this good faith certificate is not filed with the complaint then the whole lawsuit it's dismissed and I don't feel that it would be dismissed on summary judgments for a substantive issue if you did not if the complaint survived but then you were a you know then they said well no it's a substantive issue later on and file a motion to dismiss at that point you could also the court could request a good excuse me a good faith certificate or that a doctor come in and testify as to the merits of the case your honors it is just our feeling that the Tennessee law just does not apply here with regards to the VA for various reasons as we stated they've already had the medical records for over a year under the Federal Tort Claims Act there's was ample opportunity to determine whether or not the lawsuit was frivolous also it is a federal procedural rule versus a Tennessee procedural rule and Tennessee proceed you know it should be more of a pursuit found more of a procedural issue than a substantive issue we thank you your honors for your time and consideration on this matter thank you mr. Allen and thank you both counsel I will take the case under submission